**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN SMITH, | : | CIVIL ACTION NO. 1:23-CV-1366 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT | : | |
| JOHN RIVIELLO, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254.  Petitioner, John Smith, seeks a writ of habeas corpus based on delays in proceedings related to a challenge he has filed to his criminal conviction pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA").  We will dismiss the petition without prejudice because federal courts may not issue writs of habeas corpus based on delays in PCRA proceedings.

## I.     Factual Background & Procedural History

On March 20, 2019, Smith was convicted of indecent assault of a minor less than 13 years of age, corruption of minors, simple assault, and endangering the welfare of a child in the Lackawanna County Court of Common Pleas.  See Commonwealth v. Smith, 206 A.3d 551, 555-56 (Pa. Super. Ct. 2019).  He was sentenced to an aggregate sentence of 6 ½ to 16 years of imprisonment.  Id. at 556.  Smith appealed, and the Pennsylvania Superior Court affirmed the judgment of sentence on March 20, 2019.  Id. at 569.  Smith filed a petition for allowance of

appeal to the Pennsylvania Supreme Court, which was denied on August 19, 2019.
<u>Commonwealth v. Smith</u>, 217 A.3d 202 (Pa. 2019).

Smith filed a PCRA petition to challenge the conviction and sentence on
October 11, 2019. (Doc. 1 at 3). As of the filing of this case, the PCRA petition has
not been resolved and the PCRA court has not appointed counsel to represent
Smith. (<u>Id.</u>) Smith challenges what he characterizes as a lack of activity on his
PCRA petition in the instant habeas corpus petition, which he filed on August 10,
2023 and the court received and docketed on August 17, 2023. (<u>Id.</u> at 15). Smith
asserts that the delayed disposition of his PCRA petition and delayed appointment
of counsel violates his right to due process. (<u>Id.</u> 5-7). He seeks to have his
conviction and sentence either vacated or suspended until the state courts of
Pennsylvania resolve his PCRA petition. (<u>Id.</u> at 15).

## II.     <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C.
§ 2254, a district court must promptly review a petition and dismiss it if it is plain
from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §
2254 Rule 4.

## III.     <u>Discussion</u>

Dismissal of this case under Rule 4 is appropriate. Smith seeks a writ of
habeas corpus based on alleged delays by the state courts of Pennsylvania in
resolving his PCRA petition and appointing counsel to represent him in the PCRA
proceedings, but federal courts may not issue writs of habeas corpus based on
delays in a collateral challenge to the petitioner's underlying conviction. <u>Hassine v.</u>

Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (citing Heiser v. Ryan, 15 F.3d 299, 307 (3d Cir. 1998)).  Federal habeas corpus review "is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation."  Id.

**IV.**    **Conclusion**

We will dismiss Smith's petition without prejudice and close this case because his claims are not cognizable in a federal habeas corpus petition.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 11, 2023